**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
MARSHON A. STEVENS,             :
                                :  Civil Action No. 05-4791 (WJM)
        Plaintiff,              :
                                :
    v.                          :       O P I N I O N
                                :
JERSEY CITY POLICE DEP'T,       :
et al.,                         :
                                :
        Defendants.             :
_____:

**APPEARANCES:**

Marshon A. Stevens, Pro Se
#151175
Hudson County Correctional Center
35 Hackensack Avenue
South Kearny, NJ 07032

**MARTINI, District Judge**

   Plaintiff, Marshon A. Stevens, currently incarcerated at the Hudson County Correctional Center, South Kearny, New Jersey, seeks to bring this action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence and institutional account statement, the Court will grant his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

   At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the following reasons, Plaintiff's complaint will be partially dismissed.  Plaintiff's excessive force claims will be permitted to proceed.

## BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff seeks to sue numerous defendants for violations of his constitutional rights, stemming from an incident that occurred on April 13, 2004.  Plaintiff states that seven officers severely assaulted him in the course of an arrest, requiring him to be hospitalized for eight days.  Plaintiff also alleges that the Hudson County Prosecutor's Office has maliciously prosecuted him.  Plaintiff further names the Hudson County Internal Affairs Officers, his privately-retained attorney, a New Jersey Superior Court Judge, the New Jersey Superior Court, the Attorney General of the State of New Jersey, and the State of New Jersey as defendants.

Plaintiff asks for monetary damages.

## DISCUSSION

**A.  Section 1915 Review**

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and

Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous."  <u>Santana v. United States</u>, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.  "A pro se complaint may be dismissed for failure to state a claim only if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972)).

In determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  The Court

3

need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

**B.   42 U.S.C. § 1983**

A plaintiff may have a federal cause of action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by a person acting under color of state law and that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Plaintiff's Claims Against the Defendant Officers Will Be Permitted to Proceed.**

In the caption of Plaintiff's complaint, he names "Jersey City Police Department" as a defendant.  However, in the body of the complaint, he names seven officers as defendants: Officer

4

Jamie Wilde, Officer T. O'Brien, Officer M. Mariski, Officer Wisniewski, Officer Cavaliere, Officer Chowanec, and Sergeant R. Alvarez.  The Court will construe the complaint as naming the individual officers as defendants, and will order the Clerk of the Court to amend the docket accordingly.[1]

Liberally construing the instant complaint, Plaintiff claims that the defendant Officers violated his Fourth Amendment rights by using excessive force against him in the course of an arrest. A claim of excessive force by law enforcement officials in the

---

[1]  The Jersey City Police Department is not a local government unit that can be sued under § 1983 pursuant to Monell v. Dep't of Social Services of City of New York, 436 U.S. 658, 688-90 (1978).  See Padilla v. Twp. of Cherry Hill, 110 Fed. Appx. 272 (3d Cir. 2004)(police department is merely arm of township, not subject to suit under § 1983); see also DeBellis v. Kulp, 166 F. Supp.2d 255, 264 (E.D. Pa. 2001)(collecting cases and stating that police departments cannot be sued in § 1983 because it is "merely an administrative arm of the local municipality, and is not a separate judicial entity.").  Suits against police departments may be construed as suits against the municipality itself.  See Brandon v. Holt, 469 U.S. 464 (1985)(treating § 1983 action that was brought against city's director of police department as action against the city where city had notice).  However, local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  In this case, Plaintiff makes no allegations that Jersey City has a policy or custom in place that inflicted the alleged injury to him.  Therefore, the claims against Jersey City Police Department will be dismissed, without prejudice.

course of an arrest, investigatory stop, or other seizure of a free citizen is analyzed under the Fourth Amendment's reasonableness standard.  See Graham v. Connor, 490 U.S. 386, 395 (1989); Nelson v. Jashurek, 109 F.3d 142, 145 (3d Cir. 1997); United States v. Johnstone, 107 F.3d 200, 204 (3d Cir. 1997).  The reasonableness inquiry is an objective one:  "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  Graham, 490 U.S. at 397; see also Mosley v. Wilson, 102 F.3d 85, 94 (3d Cir. 1996); Baker v. Monroe Tp., 50 F.3d 1186, 1193 (3d Cir. 1995).  It "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  Graham, 490 U.S. at 396.

In this case, the Court will allow all claims against the defendant Officers to proceed past the sua sponte screening stage.

**D.   Plaintiff's Remaining Claims Will Be Dismissed.**

1.   Claims against Attorney and Judge

Plaintiff seeks to sue defendant Francis S. Cutruzzula, Esq., and the Honorable C. Kenny, Judge of the Superior Court of

New Jersey.  However, these defendants will be dismissed, with prejudice, from this action.

Defendant Cutruzzula is not a state actor for purposes of a § 1983 suit.  Defense counsel, whether they are court-appointed public defenders or privately-retained attorneys, do not act under color of state law when representing their clients.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that public defenders do not act under color of state law); Steward v. Meeker, 459 F.2d 669 (3d Cir. 1972) (privately-retained counsel does not act under color of state law when representing client); Thomas v. Howard, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

Further, defendant Kenny, as a state judge, is immune from suit under § 1983.  See Mireles v. Waco, 502 U.S. 9 (1991) (holding that judges are entitled to absolute immunity from § 1983 suits based on actions taken in their official judicial capacity).

2. Claims against the State of New Jersey.

Plaintiff seeks to sue the State of New Jersey in this § 1983 suit.

The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of

another State, or by Citizens or Subjects of any Foreign State." As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.
See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).  Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Section 1983 does not override a state's Eleventh Amendment immunity.  See Quern v. Jordan, 440 U.S. 332 (1979).

In addition, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities for money damages are "persons" within the meaning of § 1983.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989).

Thus, Plaintiff's claims against the State of New Jersey will be dismissed, with prejudice, for seeking monetary relief from an immune defendant, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

3.  <u>Claims Against Attorney General</u>

Plaintiff attaches a letter that he wrote to the Attorney General complaining of the alleged excessive force committed against him by the defendant officers.  Plaintiff states that the Attorney General failed to investigate or address his complaints.  Plaintiff also states that the Attorney General "failed to oversee" the acts of the other defendants which he claims violated his constitutional rights.

It is well-established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of <u>respondeat</u> <u>superior</u>.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  <u>Accord</u> <u>Robinson v. City of Pittsburgh</u>, 120 F.3d 1286, 1293-96 (3d Cir. 1997); <u>Baker v. Monroe Twp.</u>, 50 F.3d 1186, 1190-91 (3d Cir. 1995).

In this case, Plaintiff has not alleged facts indicating that this defendant was personally involved, or had acquiesced to the alleged violations against him.  Therefore, the claims

against this defendant will be dismissed, without prejudice, for failure to state a claim upon which relief may be granted.

> 4. <u>Remaining Claims against County Prosecutor's Office, County Internal Affairs Office, and County Court.</u>

The Court of Appeals for the Third Circuit has held that a public entity, such as a County, "may be held liable for the violation of a constitutional right under 42 U.S.C. § 1983 only when the alleged unconstitutional action executes or implements policy or a decision officially adopted or promulgated by those whose acts may fairly be said to represent official policy." <u>Reitz v. County of Bucks</u>, 125 F.3d 139, 144 (3d Cir. 1997)(citing <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658, 690-91, (1978)).

To establish government liability under § 1983, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." <u>Bielevicz v. Dubinon</u>, 915 F.2d 845, 850 (3d Cir. 1990), <u>quoted in</u> <u>Blanche Rd. Corp. v. Bensalem Twp.</u>, 57 F.3d 253, 269 n.16 (3d Cir.), <u>cert. denied</u>, 516 U.S. 915 (1995), and <u>quoted in</u> <u>Woodwind Estates, Ltd. v. Gretkowski</u>, 205 F.3d 118, 126 (3d Cir. 2000). A plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the plaintiff's injury. <u>Monell</u>, 436 U.S. at 689.

> A policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict." Kneipp v. Tedder, 95 F.3d 1199, 1212 (3d Cir. 1996) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986) (plurality opinion)). A custom is an act "that has not been formally approved by an appropriate decisionmaker," but that is "so widespread as to have the force of law." [Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997).]
>
> There are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under § 1983. The first is where "the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy." The second occurs where "no rule has been announced as policy but federal law has been violated by an act of the policymaker itself." Finally, a policy or custom may also exist where "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government 'is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.'"

Natale, 318 F.3d at 584 (footnote and citations omitted).

Finally, a § 1983 action brought against a person in his or her official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent." Monell, 436 U.S. at 690 n.55. "[I]n an official-capacity action, ... a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation; thus, in an official capacity suit the entity's 'policy or custom' must have played a part in the violation of

11

federal law." Kentucky v. Graham, 473 U.S. 159, 166 (1985) (internal quotation marks and citations omitted).

In this case, Plaintiff alleges that the County Prosecutor's Office maliciously prosecuted him,[2] that the County Internal Affairs Office refused to investigate his case, and cites no claims against the County Superior Court.  This Court finds that Plaintiff has not alleged facts indicating that governmental liability should attach to the named defendants.  Thus, these claims will be dismissed, without prejudice, for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, Plaintiff's excessive force claims against the defendant police officers will be permitted to proceed.  The claims against defendant Cutruzzula will be dismissed, with prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  The claims against the Jersey City Police Department, which may be construed as against the City of Jersey City, the Attorney General Peter Harvey, and the County Offices will be dismissed, without prejudice, for failure to state a claim upon which relief may be granted, pursuant to 28

---

[2] The Court notes that prosecutors are generally immune from damages under § 1983.  See Imbler v. Pachtman, 424 U.S. 409, 431 (1976) (holding that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under section 1983").

U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  The claims against defendant Kenny and the State will be dismissed, with prejudice, for seeking monetary relief from a defendant immune to such relief, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).  An appropriate Order accompanies this Opinion.

                                        s/William J. Martini

                                        _____
                                           WILLIAM J. MARTINI
                                      United States District Judge

Dated: October 28, 2005